## William Dowland and Donna Dowland, Administrators, Appellees, v. Joseph D. Staley and William Y. Staley, Executors, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES M. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 13, 1915. Rehearing denied December 11, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by William Dowland and Donna Dowland, administrators with the will annexed of the estate of Minerva Jane Owens, complainants, against Joseph D. Staley and William Y. Staley, executors of the last will and testament of Daniel Staley, deceased, defendants for an accounting. From a judgment for complainants, defendants appeal and complainants assign cross errors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CONKLING & IRWIN and THOMAS L. JARRETT, for appellants.

J. B. VAUGHN, VICTOR HEMPHILL and E. E. BONE, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. TRUSTS—*what is a trust*. A trust, in its simplest sense, is a confidence reposed in one person, called a trustee, for the benefit of another, called the *cestui que trust*, with respect to property held by the former for the benefit of the latter.

2. TRUSTS, § 1*—*what is an express trust*. An express or direct trust is one created by the acts of the parties.

3. TRUSTS, § 29*—*what is an implied trust*. An implied trust is one raised by operation of law.

4. TRUSTS, § 19*—*how created in real property*. Trusts in real property must be created in writing.

5. TRUSTS, § 12*—*how express trusts in personalty created*. Express trust in personal property may be created by parol.

6. TRUSTS, § 3*—*when evidence sufficient to show creation of express trust*. On a bill for an accounting between the administrators with the will annexed of the estate of a deceased *cestui que trust* against the executors of the will of the trustee, evidence *held* sufficient to show the creation of an express trust by the acts of the parties in relation to funds derived from the sale of real estate of the *cestui que trust* that was turned over to the trustee, and the interest actually received by him thereon.

7. EQUITY, § 10*—*when exclusive jurisdiction*. Equity has exclusive jurisdiction to determine the rights of parties to an accounting in matters relating to express trusts.

8. COURTS, § 83*—*when Circuit Court has jurisdiction*. The Circuit Court has jurisdiction of an equitable action of accounting to determine the rights of parties in matters relating to express trusts.

9. LIMITATION OF ACTIONS, § 20*—*when does not run to bar recovery of trust fund*. The statute of limitations does not run to bar the recovery of a trust fund by an action of accounting until the disavowal of the trust by the trustee.

10. WITNESSES, § 50*—*when competency of witnesses to testify measured*. The competency of witnesses to testify must be measured

See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not with reference to the time the testimony is given, but with reference to the time of the trial when it is considered.

11. WITNESSES, § 145*—*when party incompetent to testify as to transactions with deceased person.* Where the parties complainant to an action for an accounting, which was referred to a master during the life of the defendant, testified as to transactions with defendant, but, upon his dying before the hearing was completed and report made by the master, the personal representatives of the latter were substituted, *held* that such testimony was rendered incompetent and should have been excluded and that it was immaterial that the deceased testified in contradiction to parts of such testimony.

12. ACCOUNT, § 35*—*what degree of proof required.* The complainants to a bill for an accounting must make out their case by a preponderance of competent evidence.

13. APPEAL AND ERROR, § 1301*—*when presumed trial court did not consider incompetent evidence.* It must be presumed on appeal that a trial court, in an equitable action, did not consider incompetent evidence in making its findings.

14. APPEAL AND ERROR, § 452*—*when objection may not be raised on appeal.* An objection that a letter introduced in evidence was not identified may not be raised for the first time on appeal.

15. WITNESSES—*when disqualified as party in interest to testify against representatives of estate of deceased person.* A trustee, defendant to an action of accounting brought by the administrators of the estate of a *cestui que trust,* is a party in interest, and is disqualified to testify as to transactions with the deceased.

16. EVIDENCE, § 461*—*when insufficient to overcome statements against interest.* The testimony of a party in interest given years after a transaction is closed is insufficient to overcome evidence consisting of a letter written at the time of the transaction and which contained statements against his interest.

17. TRUSTS, § 270*—*when evidence sufficient to sustain finding of court charging trustee with proceeds of sale of land.* On a bill for an accounting by the administrators with the will annexed of the estate of a *cestui que trust* against the executors of the will of the trustee for an accounting of the trust estate, evidence *held* sufficient to sustain a finding of the court charging defendants with the entire amount of money received by the trustee from the sale of lands of the *cestui que trust.*

18. APPEAL AND ERROR, § 1399*—*when finding of master not disturbed as unsupported by evidence.* Where the finding of a chancellor on a question of fact follows the finding of the master, the Appellate Court will not reverse the decree on the ground that it

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is not supported by the evidence unless it is clearly contrary to the manifest weight of the evidence.

19. TRUSTS, § 270*—*when evidence sufficient to sustain finding of court charging defendants with interest upon funds of trust estate.* On a bill for an accounting by the administrators with the will annexed of the estate of a *cestui que trust* against the executors of the will of the trustee for an accounting of the trust estate, evidence *held* sufficient to sustain a finding of the court charging defendants with interest upon funds of the *cestui que trust* invested by the trustee.

20. EVIDENCE, § 164*—*when paper admissible as statement against interest.* On a bill for an accounting by the administrators with the will annexed of the estate of a *cestui que trust* against the executors of the will of the trustee for an accounting of the trust estate, *held* that a statement of account made by the trustee to the *cestui que trust* which did not include two items which the trustee claimed to have paid, and which covered the period during which they were claimed to have been paid, was admissible as an admission against interest and as tending to show that the items had not been paid.

21. TRUSTS, § 270*—*when evidence sufficient to show that claims for credit and receipts for payment spurious.* On a bill by the administrators with the will annexed of the estate of a *cestui que trust* against the executors of the will of the trustee for an accounting of the trust estate, evidence *held* sufficient to sustain a finding of the court that two claims for which the defendants claimed credit and receipts given therefor were spurious.

22. TRUSTS, § 230*—*when trustee not liable for interest on funds.* A trustee cannot be required to account for any interest on a trust fund except such as he receives therefrom, even when he mingles the trust fund with his own, provided he always has at his command funds with which to respond to all legal demands.

23. PAYMENT, § 29*—*when evidence insufficient to show.* On a bill by the administrator with the will annexed of the estate of a *cestui que trust* against the executors of the will of the trustee for an accounting of the trust estate, evidence consisting of a draft on the bank which the trustee owned, signed by the cashier and indorsed by the *cestui que trust*, *held* insufficient to establish a payment on a claim due the *cestui que trust*, where there was no evidence tending to connect the trustee or the funds in his possession with the draft, or to show from what source it was received.

24. EVIDENCE, § 165*—*when letter incompetent as self-serving.* On a bill by the administrators with the will annexed of the estate of a *cestui que trust* against the executors of the will of the trus-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tee for an accounting of the trust estate, *held* that a letter written by the trustee to a son of the *cestui que trust* stating that he inclosed a draft for a certain amount as the mother directed and that he and another person had settled for the land, *held* incompetent as self-serving.

25. TRUSTS, § 270*—*when evidence sufficient to sustain findings.* On a bill for an accounting of a trust estate, *held* sufficient to sustain findings allowing certain claims of credit and disallowing another.

26. WITNESSES, § 95*—*when party disqualified to testify against representative of deceased person.* A trustee who is defendant to an action by the representatives of the estate of the deceased *cestui que trust* for an accounting is incompetent to testify in his own behalf against such representatives except in so far as the exceptions in Hurd's Rev. St., ch. 51, sec. 2 (J. & A. ¶ 5519) apply.

27. APPEAL AND ERROR, § 1467*—*when admission of evidence harmless error.* The erroneous admission of the evidence of a disqualified witness in a trial before a court is harmless error when there was nothing in it that was considered by the trial court to the detriment of the adverse party.